UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMILA DUBAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 07-CV-5638 (JGK) |
| ) | |
| FORD MODELS, INC. and ) | |
| CONDÉ NAST, INC. ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT FORD MODELS, INC.
## TO AMENDED COMPLAINT

COMES NOW Defendant Ford Models, Inc. ("Ford" or "Defendant"), by and through undersigned counsel, and hereby responds to the Amended Complaint as follows. All allegations not specifically and expressly admitted are hereby denied.

## BACKGROUND

1.   Ford is without knowledge or information sufficient to admit or deny the allegation in Paragraph 1 of the Complaint; Ford therefore denies that allegation.

2.   Ford admits that it is a corporation organized under the laws of the State of Delaware, that it is authorized to do business in the State and County of New York, and that it owns and operates a model management business. Upon information and belief, Ford admits the allegations relating to Condé Nast.

3.   Ford is without knowledge or information sufficient to admit or deny the allegation relating to diversity of citizenship. Ford denies the allegation relating to the amount in controversy; upon information and belief, Ford estimates that the amount in controversy to be

no more than Five Thousand Dollars ($5,000.00), therefore Ford denies that this Court has jurisdiction under 28 U.S.C. § 1332 (a)(2),(b).

4. Ford denies that it entered into a contract with Ms. Dubay on June 9, 2002. Ford admits that it entered into a contract with Ms. Dubay on September 6, 2002, that Exhibit A is a true copy of that contract and that at the time that the contract was executed, Ms. Dubay was just starting to work as a fashion model. Ford is without knowledge or information as whether Ms. Dubay is currently working as a fashion model.

5. Ford denies that it was appointed Ms. Dubay's agent in the Agreement. Ford admits the other allegations in Paragraph 5 of the Complaint.

6. The allegations of Paragraph 6 call for legal conclusions to which no response is required; to the extent that any response is required, Ford hereby denies the allegations of this Paragraph. In particular, Ford denies that it was Ms. Dubay's agent.

7. Ford admits that after entering into the Agreement, Ford arranged for Ms. Dubay to meet with persons responsible for hiring model services and, with Ms. Dubay's permission, confirmed Ms. Dubay's availability to provide modeling services for various modeling jobs; Ford denies that such meetings were "routine" or "daily". Ford denies that Ms. Dubay made in excess of $150,000 in a period of approximately one year after the execution of the Agreement. Ford denies the remaining allegations of Paragraph 7.

8. Ford admits that in or about the fall of 2002, Ford arranged for Ms. Dubay to meet with *Teen Vogue's* representative responsible for hiring model services and, with Ms. Dubay's permission, confirmed Ms. Dubay's availability to model for an editorial assignment for *Teen Vogue*. Upon information and belief, photographs of Ms. Dubay were taken by an independent contractor hired by Condé Nast.

9. Ford admits that it was and is customary and usual in the trade that a low rate would be paid to model for "editorial" work, i.e. for posing for photographs to illustrate articles prepared by a periodical for publication in an issue. Ford admits that it was and is customary in the trade for models to be paid more for their work relating to advertisements than for editorial work, however it also was and is customary in the trade for models to grant rights to publishers, sufficient to allow publishers to use photographs created for editorial purposes for self-advertising with no additional payment from the publishers to the models depicted. Ford denies that advertising work is paid at a rate "several orders of magnitude higher" than for editorial work.

10. Ford admits the allegations in Paragraph 10.

11. Ford admits that Ms. Dubay was paid the editorial rate for the editorial assignment for *Teen Vogue*. Ford is without knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 11; Ford therefore denies those allegations. Ford admits that it was customary for models to be informed that editorial photographs produced for Condé Nast could be used by Condé Nast for advertising purposes. With regard to the allegations in the third sentence, Ford is unaware of what "representation" is referred by Ms. Dubay and therefore also denies the allegations in that sentence.

12. Ford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12; Ford therefore denies those allegations.

Termination

13. Ford denies the allegations in Paragraph 13.

14. Ford denies that it was the cause of any financial loss to Ms. Dubay. Ford is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 14; Ford therefore denies those allegations.

15. Ford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 15; Ford therefore denies those allegations.

16. Ford denies the allegations in the first sentence of Paragraph 16. Ford is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 16; Ford therefore denies those allegations. Ford admits that the relationship between Ford and Ms. Dubay was terminated in 2004.

17. Ford is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 17; Ford therefore denies those allegations.

18. Ford denies that it made any false representations to any third parties; Ford acted at all times in good faith. Ford is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 18; Ford therefore denies those allegations.

## COUNT I (ACCOUNTING)

19. Ford admits that Ms. Dubay demands an accounting from Ford. Ford regularly provided detailed, itemized financial statements to Ms. Dubay during the term of the Management Agreement (which expired in 2004); such financial statements included the amounts advanced by Ford to Ms. Dubay for her living expenses, as well as all amounts paid-over to Ms. Dubay in compensation for her modeling assignments. Ford denies that Ms. Dubay in entitled to an accounting at this time or to any further compensation from Ford.

## COUNT II (BREACH OF FIDUCIARY DUTY)

20.    Ford incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 19 as if fully set forth herein. With regard to the remaining allegations in Paragraph 20, Ford denies it breached any fiduciary duty to Ms. Dubay.

21.    Ford denies the allegations in Paragraph 21. Ms. Dubay was just starting her modeling career in 2002. Under Ford's management, Ms. Dubay completed several editorial modeling assignments in the fall of 2002 and one advertising assignment for $2,500 (less 20% commission retained by Ford) in December 2002. During this time period, and under Ford's management, Ms. Dubay was also given a special advertising assignment relating to the launch of *Teen Vogue*; Ms. Dubay was paid $5,000 (less 20% commission retained by Ford) for this special launch assignment. Any payments received by Ford from Condé Nast for use of photographs of Ms. Dubay were paid-over to Ms. Dubay. It was and is customary and usual in the trade for photographs from editorial assignments to be reprinted in advertising for the periodical without further compensation. Because of Condé Nast's ownership of *Vogue* and its prestigious position in the fashion industry, many models, particularly young models at the start of their careers, regard the exposure provided by an editorial assignment for a Condé Nast publication to be a valuable opportunity.

22.    Any additional compensation from Condé Nast would not have been customary or usual in the trade; therefore, upon information and belief Ford did not forward additional compensation to Ms. Dubay for Condé Nast's use of the editorial photograph in the *Teen Vogue* advertisement; Ford denies the remaining allegations in Paragraph 22.

23.     The allegations of Paragraph 23 appear to call for legal conclusions to which no response is required; to the extent that any response is required, Ford hereby denies the allegations of this Paragraph because it is unintelligible.

## COUNT III (BREACH OF CONTRACT)

24.     Ford incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 23 as if fully set forth herein.

25.     The allegations of Paragraph 25 call for legal conclusions to which no response is required; to the extent that any response is required, Ford hereby denies the allegations of this Paragraph.

26.     Ford denies that it made any false representations to any third parties; Ford acted at all times reasonably and in good faith. Ford is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 26; Ford therefore denies those allegations. Ford admits that it entered into the Agreement with Ms. Dubay on September 6, 2002.

27.     The allegations of Paragraph 27 call for a legal conclusions to which no response is required; to the extent that any response is required, Ford hereby denies the allegations of this Paragraph. In particular, Ford denies that it did not act reasonably and in good faith at all times and under all circumstances relevant to the allegations.

## COUNT IV (FRAUD)

28.     Ford incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 27 as if fully set forth herein. The allegations of Paragraph 28 call for legal conclusions to which no response is required; to the extent that any response is required,

Ford hereby denies the allegations of this Paragraph. Ford is without knowledge or information sufficient to admit or deny the allegations of Paragraph 28; Ford therefore denies those allegations.

29.    Ford is without knowledge or information sufficient to admit or deny the allegations in Paragraph 29; Ford therefore denies those allegations.

### COUNT V (UNJUST ENRICHMENT)

30.    Ford incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 29 as if fully set forth herein. The allegations of Paragraph 30 call for legal conclusions to which no response is required. The allegations in this Paragraph also relate to claims asserted solely against Condé Nast; therefore no response to such allegations is required by Ford. To the extent that any response is required, Ford hereby denies the allegations of this Paragraph.

### DAMAGES

31.    Ford admits that Ms. Dubay seeks damages not less than $100,000 on each Count except for the Accounting, but denies any and all liability thereunder.

### AFFIRMATIVE DEFENSES

1.    This Court does not have jurisdiction under 28 U.S.C. § 1332 (a)(2)(b) because the amount in controversy is significantly less than $75,000.

2.    One or more of the claims for relief set forth in the Complaint fails to state a claim upon which relief may be granted.

3.  The Complaint fails to allege fraud with particularity.

4.  At all times and under all circumstances relevant to the allegations set forth in the Complaint, Ford acted in good faith.

5.  Ms. Dubay has not suffered any damages as a result of any act or omission by Ford.

6.  Ms Dubay's claims may be barred, in whole or in part, by laches, waiver or applicable statute(s) of limitation.

7.  Any award of damages that Ms. Dubay may be able to prove must be reduced by the amount of her long-outstanding, unpaid loan owed to Ford.

8.  Ford reserves the right to assert any additional defenses, affirmative defenses, and matters in avoidance as may be disclosed during the course of additional investigation or discovery.

WHEREFORE, Ford respectfully requests a judgment granting the following relief:

A.  Dismissing with prejudice the Complaint filed in this action by Ms. Dubay;

B.  Awarding to Ford the costs of defending this action; and

C.  Granting to Ford such other relief as this Court deems just and proper.

Respectfully submitted,

_Janet Fries_
Janet Fries (JF 9489)
DRINKER, BIDDLE & REATH
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 842-8800
Fax: (202) 842-8465

*Attorneys for Defendant*
*Ford Models, Inc.*

July 26, 2006

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 26th day of July, 2007, a copy of the above and foregoing **Answer of Defendant Ford Models, Inc. to Amended Complaint** was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

                                                                                                       Janet Fries